# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**KENNETH JOHNSON,**

      **Plaintiff,**                     **CIVIL ACTION NO. 09-CV-14371**

vs.

                                     **DISTRICT JUDGE DENISE PAGE HOOD**

**SCOTT FREED, GREGORY**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORRIN, and JOHN DOE,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Defendant Freed and Corrin's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (docket no. 10) be **GRANTED**.

**II.    REPORT**:

This matter comes before the Court on the Motion to Dismiss or in the Alternative, Motion for Summary Judgment filed by Defendants Freed and Corrin. (Docket no. 10). The motion is fully briefed. All pretrial matters have been referred to the undersigned for decision. (Docket no. 9). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.  Factual Background and Claims**

Plaintiff is currently incarcerated under the custody of the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility in Coldwater, Michigan. He filed the

1

instant complaint on November 6, 2009, pursuant to 42 U.S.C. § 1983, claiming that the Defendants denied him access to the court when they confiscated and destroyed Plaintiff's legal papers relative to his pending criminal appeal. Because Plaintiff seeks compensatory damages related in part to his confinement in segregation (docket no. 1 at 3f) and generally argues that his due process rights have been violated, out of an abundance of caution the Court will also construe his complaint as raising a claim that his due process rights were violated during the April 27, 2005 prison disciplinary proceeding.

The Defendants to this action are Scott Freed, a Hearing Investigator at Saginaw Correctional Facility (SRF) in Freeland, Michigan, and Gregory Corrin, a corrections officer at SRF. Plaintiff has also recently identified two John Doe Defendants who have not yet been served. (Docket no. 12). Plaintiff sues the Defendants in their individual capacities for monetary damages and various injunctive relief.

Plaintiff states that on February 18, 2005, while incarcerated at SRF, he received legal mail from his appellate counsel consisting of trial records, pleadings, and motions related to his criminal conviction. (Docket no. 1 at 3a). Plaintiff states that on that same day Defendant Corrin searched his personal property and legal papers, seized UCC related forms, and issued a major misconduct report for Possession of Forged Documents; Forgery. (Docket no. 1 at 3b). The misconduct report also charged Plaintiff with Disobeying a Direct Order. (Docket no. 1, Ex. 2). On March 1, 2005 he was found guilty of the charge of Disobeying a Direct Order, and guilty of a reduced charge of Contraband related to his possession of UCC materials in violation of MDOC policy.[1] (Docket no.

---

[1]MDOC policy DOM 2005-4 prohibits prisoners from possessing books, pamphlets, forms, and other materials regarding actions that may be taken under the Uniform Commercial Code (UCC). The policy does not prevent prisoners from obtaining the UCC statute or materials

2

1, Ex. 2).

Plaintiff alleges that on March 1, 2005 Defendant Corrin again searched his personal property, seized UCC related forms, and issued a major misconduct report. (Docket no. 1 at 3b). On March 14, 2005 a disciplinary hearing was held on the charge of Possession of Forged Documents; Forgery. (Docket no. 1, Ex. 3b). The charge was dismissed because Plaintiff was not given a copy of the misconduct report within 24 hours as required.

On April 8, 2005 Defendant Corrin searched the cell of prisoner Garnes, whom Plaintiff alleges is one of the prisoners assisting him in his appellate process. (Docket no. 1 at 3c and Ex. 8-9). Plaintiff contends that the shakedown of Garnes' cell was motivated by retaliatory animus directed toward the Plaintiff. He claims that Defendant Corrin seized a large brown envelope containing records sent to Plaintiff by his appellate counsel, along with UCC related forms. (Docket no. 1 at 3c). Defendant Corrin charged Plaintiff with Possession of Forged Documents; Forgery. (Docket no. 1 at 3c and Ex. 9). Plaintiff alleges that he sent a written request to Inspector John Doe asking for the immediate return of the lower court records and transcripts related to his conviction, sentence, and appeal of right, but that he did not receive a reply. (Docket no. 1 at 3c and Ex. 10).

On April 27, 2005 Plaintiff was found guilty in a disciplinary proceeding of the charge of Possession of Forged Documents; Forgery. (Docket no. 1, Ex. 13). The Hearing Officer found that Plaintiff gave prisoner Garnes numerous false documents to hold on his behalf, which made false UCC claims, including claims that the U.S. Treasurer Secretary John Snow must pay to the Plaintiff the sum of one million dollars. (Docket no. 1, Ex. 13). Plaintiff states that he was sentenced to a 30-day period of confinement in segregation. Sometime thereafter, the Hearing Administrator

---

related to the legal analyses of the statute from the prison library. (Docket no. 1, Ex. 7).

directed that the Plaintiff's misconduct conviction be reversed and expunged from his prison file. (Docket no. 1, Ex. 17, 17b, 18).

Plaintiff contends that Defendant Corrin engaged in "other questionable conduct, prompting a breach of medical confidentiality." (Docket no. 1 at 3c). He states that while in segregation he filed grievances in an attempt to gain access to the non-UCC related documents which were seized by Defendant Corrin and which related to his criminal appeal. (Docket no. 1 at 3c).

Plaintiff next alleges that Defendant Freed destroyed documents belonging to the Plaintiff without advance written notice as required by prison policy. (Docket no. 1 at 3e). Defendant Freed acknowledges that he improperly disposed of Plaintiff's legal documents on June 1, 2005, June 21, 2005, and August 22, 2005. (Docket no. 1, Ex. 21; Docket no. 11, Ex. B). Plaintiff pursued a grievance related to this matter through the three-step grievance process. (Docket no. 1, Ex. 21, 23, 25). The Warden concluded that Plaintiff's grievance had merit and directed Plaintiff to seek reimbursement for his destroyed property from the State Administrative Board. (Docket no. 1, Ex. 23).

Plaintiff alleges that as a result of the Defendants' conduct he was prevented from issue spotting, supplementing the issues raised by appellate counsel, or otherwise providing supplemental authority to appellate counsel during his appeal of right. He states that the Michigan Court of Appeals affirmed his convictions on June 15, 2006, and that the Michigan Supreme Court denied leave to appeal on December 28, 2006.

Defendants now move for dismissal and/or summary judgment of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) and Rule 56(b).

**B. Standard**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the jurisdictional claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction. *Id*.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id*. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C. Analysis**

1. Declaratory and Injunctive Relief

The Court recommends that Plaintiff's claims for declaratory and injunctive relief be dismissed as moot in light of his transfer from the SRF to Lakeland Correctional Facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

5

2. Access to the Courts

Defendants argue that all claims against Defendant Corrin, and claims against Defendant Freed related to the destruction of documents from the February 18, 2005 and March 1, 2005 confiscations are time-barred. Plaintiff asserts in response that his claims are timely. He contends that the statute of limitations expired on November 9, 2009, three years after his appeal of the April 27, 2005 misconduct conviction was complete. (Docket no. 14).

In Section 1983 cases, the appropriate statute of limitations is the analogous state statute of limitations for personal injury actions. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). In Michigan, the statute of limitations for personal injury is three years. *Id.*; Mich. Comp. Laws § 600.5805(8). To comply with that limitation, a plaintiff must file his lawsuit within three years from when his claim accrues. *Thompson-Bey v. Stapleton*, 558 F. Supp. 2d 767, 770 (E.D. Mich. 2008). The statute of limitations is tolled during the period in which a prisoner is in the process of properly exhausting his available administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

The Prison Litigation Reform Act bars prisoners from bringing federal claims "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Futility is not an excuse for an inmate's failure to exhaust the administrative remedies made available to him." *Hill v. Caruso*, No. 08-12472, 2009 WL 691680, at *7 (E.D. Mich. March 12, 2009).

Plaintiff argues that it would have been fruitless for him to pursue grievances against the Defendants because he was informed that decisions made in minor misconduct hearings are non-grievable issues. (Docket no. 14 at 2; Docket no. 1, Ex. 4). Despite his assertion, he shows that he filed a grievance against Defendant Freed relative to all of the destroyed documents and appealed

6

it through the three-step process. (Docket no. 1, Ex. 21, 23, 25). While it is true that Plaintiff could not have filed a grievance asserting that he was innocent of the misconduct, he was required to file a grievance for his access to the courts claim, and for claims related to his allegations that Defendant Corrin breached his medical confidentiality and acted with retaliatory animus.

      a. Defendant Corrin

The exhaustion of administrative remedies is mandatory, not discretionary. Plaintiff has not shown that he exhausted his grievance remedies against Defendant Corrin either before or after the completion of his appeal of his misconduct charge. Defendant Corrin allegedly confiscated Plaintiff's general legal documents more than three years before Plaintiff's complaint was filed. Therefore, Plaintiff's claims against Defendant Corrin related to his access to the courts allegation, breach of medical confidentiality, and retaliation are barred by the statute of limitations and by the PLRA.

      b. Defendant Freed

The evidence of record shows that Plaintiff pursued his grievance against Defendant Freed through the three-step process. (Docket no. 1, Ex. 19-25). Plaintiff's initial step I grievance against Defendant Freed was not filed until November 20, 2006, well after Defendant Freed destroyed the last remaining documents belonging to the Plaintiff. (Docket no. 1, Ex. 19). Nonetheless, since the grievance was appealed through step III of the process, this Court will consider this issue to have been properly exhausted. Moreover, because the step III response was completed March 12, 2007, Plaintiff's claim that Defendant Freed denied him access to the courts is not barred by the statute of limitations.

It is well established that prisoners have a constitutional right of access to the courts.

7

*Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) (citation omitted). Prison officials may not erect any barriers that impede this right. *Kensu v. Haigh*, 87 F.3d at 175. The right of access may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988).

To establish a cognizable claim, a plaintiff must show that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). "[A]n inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property. . . ." *Jones v. Bonevelle*, No. 08-cv-133, 2009 WL 2134923, at *5 (W.D. Mich. July 15, 2009).

The record shows that material presented to the Hearing Officers during the disciplinary proceedings was determined to be contraband. (Docket no. 1, Ex. 2, 13; Docket no. 11, Ex. B). Following the disciplinary hearings, Plaintiff was instructed that he could arrange to have the seized materials mailed to his home. (Docket no. 1, Ex. 2, 13). Defendant Freed states by affidavit that he also informed the Plaintiff that he could arrange to have the materials sent home with a visitor. (Docket no. 11, Ex. B). The evidence shows that Plaintiff did not make the necessary arrangements to have the documents sent out by mail or by visitor. (Docket no. 11, Ex. B). Plaintiff has not made any specific claim to show that he was denied access to his documents in the months following the disciplinary hearings and before the documents were destroyed. He has also failed to show that he was unable to gain access to duplicate materials through his appellate attorney. Accordingly,

Defendant Freed is entitled to summary judgment on Plaintiff's access to the courts claim.

3. Due Process Violations During Disciplinary Proceedings

As previously discussed, Plaintiff seeks compensation related in part to his confinement in segregation (docket no. 1 at 3f) and generally argues that his due process rights were violated. The Court will liberally construe Plaintiff's *pro se* complaint as raising a claim that his due process rights were violated during the April 27, 2005 prison disciplinary proceeding. The evidence shows that the major misconduct conviction of Possession of Forged Documents; Forgery was reversed and expunged from the Petitioner's file. (Docket no. 1, Ex. 17, 18).

Prison disciplinary proceedings must meet minimal due process requirements by (i) giving inmates advance written notice of charges at least 24 hours prior to the disciplinary hearing; (ii) allowing the inmate to call witnesses and present documentary evidence in the inmate's defense; and (iii) providing the inmate with a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539, 563-69 (1974). Plaintiff's claim that his rights were violated by the destruction of his legal documents implicates the second due process requirement, that Plaintiff was denied the opportunity to present documentary evidence in his defense.

The evidence shows that documents related to the April 8, 2005 major misconduct charge were not destroyed until August 22, 2005, approximately 115 days after the hearing. (Docket no. 1, Ex. 21). The evidence further shows that Plaintiff was provided an opportunity to present evidence on his behalf during the April 27, 2005 disciplinary proceeding, and that documentary evidence was reviewed by the Hearing Officer before a decision was made. (Docket no. 1, Ex. 13, 16). (Docket no. 1, Ex. 13, 16). Based on the record, the Court should find that Plaintiff's claim that

9

his due process rights were violated during the April 27, 2005 disciplinary proceeding should be dismissed.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 13, 2010            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Kenneth Martin Johnson and Counsel of Record on this date.


Dated: July 13, 2010                          s/ Lisa C. Bartlett
                                                               Case Manger