**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH JOHNSON,

       Plaintiff,                 CIVIL ACTION NO. 09-CV-14371

v.

                                   HONORABLE DENISE PAGE HOOD

SCOTT FREED, et al.,

       Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation dated July 13, 2010. On July 28, 2010, a letter was filed by Plaintiff seeking an extension of time to respond to the Report and Recommendation. Plaintiff filed an objection to Magistrate Judge Mona K. Majzoub's Report and Recommendation on July 30, 2010.

The Court has had an opportunity to review the Report and Recommendation and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that Plaintiff's claim for declaratory and injunctive relief against Defendant's should be dismissed as moot in light of Plaintiff's transfer from the SRF to Lakeland Correctional Facility. The governing case law is clear. To the extent that an inmate seeks declaratory and injunctive relief his claims become moot when he is no longer confined to the institution that allegedly violated his Constitutional rights. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Plaintiff's complaint also alleges that Defendants denied Plaintiff access to the courts when Defendants confiscated and destroyed Plaintiff's legal papers relative to Plaintiff's pending criminal appeal pursuant to 42 U.S.C. § 1983.  To assert a claim based on § 1983, Plaintiff must file the claim before the governing statute of limitations has run.  In addition, under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), Plaintiff must exhaust all administrative remedies before bringing the federal claim.  "The appropriate statute of limitations to be applied in all 42 U.S.C. §1983 actions is the state statute of limitations governing actions for personal injury. Michigan's three year statute of limitations for personal injury claims, Mich. Comp. Laws Ann. § 600.5805(8) (1987), governs 42 U.S.C.S. § 1983 actions when the cause of action arises in Michigan." *McCune v. Grand Rapids*, 842 F.2d 903 (6th Cir. Mich. 1988).  However, the statute of limitations is tolled during the period in which a prisoner is in the process of properly exhausting available administrative remedies. *Brown v. Morgan,* 209 F.3d 595, 59 (6th Cir. 2000).

Plaintiff's claim that Defendant Corrin denied Plaintiff access to the courts cannot be sustained because the record shows that Plaintiff failed to exhaust available administrative remedies and Plaintiff was required to file a grievance for his access to the courts claim but failed to do so.  The Court agrees with the Magistrate Judge that Plaintiff's claim against Defendant Corrin in relation to Plaintiff's access to the courts allegation is barred by the statute of limitations and by the Prison Litigation Reform Act.

Plaintiff's claim that Defendant Freed denied Plaintiff access to the courts is not barred by the statute of limitations.  The record shows that Plaintiff exhausted his available administrative remedies when Plaintiff pursued his grievance against Defendant Freed through the three-step process.  Because the step III response was completed March 12, 2007, Plaintiff's

claim is not barred as the statute of limitations was tolled during the period Plaintiff pursued his administrative remedy.

"A litigant seeking to prove denial of access to the courts must show prejudice to pending litigation. A court will not presume prejudice. In claiming denial of access to the courts, a plaintiff must claim with specificity how he was adversely affected or how the litigation was prejudiced by the confiscation." *Vandiver v. Niemi*, 1994 U.S. App. LEXIS 34257 (6th Cir. Mich. Dec. 2, 1994). With regards to Plaintiff's claim that Defendant Freed denied Plaintiff access to the court, Plaintiff has not shown that he was denied access to his documents in the months following the disciplinary hearings and before the documents were destroyed. Plaintiff failed to show that he was unable to gain access to duplicate materials through Plaintiff's appellate attorney. The Court agrees with the Magistrate Judge that Defendant Freed is entitled to summary judgment on Plaintiff's access to the courts claim.

Concerning Plaintiff's general allegation that his due process rights were violated during the April 27, 2005 prison disciplinary proceeding, the Court agrees with the Magistrate Judge that Plaintiff's claim should be dismissed. Under a procedural due process claim, an inmate facing prison disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539 (U.S. 1974). The record shows that Plaintiff was afforded the opportunity to present evidence on his behalf during the April 27, 2005 disciplinary proceedings, and that documentary evidence was reviewed by the Hearing Officer before a decision was made. Plaintiff has not shown that his procedural due process rights were violated.

Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's Report and Recommendation dated July 13, 2010 **(Doc. No. 16)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Objections **(Doc. No. 18)** to the Report is DENIED.

IT IS FURTHER ORDERED that Defendants' Rule 12(b)(1) Motion for Dismissal for Lack of Subject Matter Jurisdiction, Rule 56(b) Motion for Summary Judgment for Lack of Exhaustion, and Rule 56(b) Motion for Summary Judgment based on the Absence of a Genuine Issue of Material Fact and Qualified Immunity **(Doc. No. 10)** is GRANTED.

IT IS FURTHER ORDERED that Defendants Freed and Corrin are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Defendant John Doe is DISMISSED without prejudice.

IT IS FURTHER ORDERED that this instant action is DISMISSED under 28 U.S.C. § 1915(g) without prejudice. Any appeal from this Order is frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

    S/Denise Page Hood
    Denise Page Hood
    United States District Judge

Dated: September 27, 2010

I hereby certify that a copy of the foregoing document was served upon Kenneth Johnson, Reg. No. 189941, Lakeland Correctional Facility, 141 First St., Coldwater, MI 49036 and counsel of record on September 27, 2010, by electronic and/or ordinary mail.

    S/William F. Lewis
    Case Manager